AMERICAN SAMOA GOVERNMENT, Plaintiff,
v.
SALVAGE PACIFIC, LIMITED, Defendant.

High Court of American Samoa
Trial Division

CA No. 61-83

May 31, 1983

GARDNER, Chief Justice.

Defendant moves for an order dismissing this action brought by the Government of American Samoa against a Fijian Corporation. The Government alleges the Defendant was transacting business in the Territory in violation of ASCA section 30.0305, which provides:

> No foreign Corporation may transact any business
> in American Samoa without first procuring a permit
> from the Governor to do so.

Defendant seems to contend, first, that it performed a single salvage operation at the behest of a Korean customer (ie: re-floating a partially sunken fishing boat in Pago Pago harbor). That its work was completed within 8 weeks, and it never intended nor did it in fact undertake any other business in the Territory. That it, in fact only had minimal contact. Defendant argues that ASCA section 30.0305 is intended to regulate businesses which are transacted on a more permanent or regular basis. Furthermore, Defendant contends ASCA section 30.0314 is a penal statute, which therefore should be strictly construed, and it provides only for a violation of the terms of the permit, not for operation without any permit

at all.

First then, we must determine whether Defendant was "transacting business" within the meaning of the statute. The term "transacting business" is not susceptible of precise definition automatically resolving every case; each case must be dealt with on its own circumstances to determine if a foreign corporation has engaged in local activity or only in interstate commence. <u>Materials Research Corp. v. Mertron, Inc</u>, 64 N.J. 74, 312 A.2d 147. The concept of minimal contacts for jurisdictional purposes· was explored in <u>International Shoe Co. v. State of Washington</u>, 326 U.S. 310. Certainly in the case before us, the Defendant has submitted itself to the jurisdiction of the Courts of this Territory, but was it "doing business?" It would seem not to us and we so hold. In order to require a foreign corporation to qualify under our statute it must do more than perform a single act for a customer within the territory. For additional support the definition of "business" contained in ASCA section 27.0202 specifically exempts casual sales or personal service contracts. Engaging in or carrying on a business" in that same statute is defined as follows: "...on· a continuing basis although one act may be sufficient if circumstances show <u>a purpose to continue</u>..." (emphasis added).

This is not to say that while the Defendant is not required to have obtained a permit under ASCA section 30.0305 it may not have incurred liability as to taxation. The standards there are likely to be quite different. Therefore, the Court will not dismiss the Government's complaint, but will strike those portions alleging a penalty for violation of Title 30 Chapter 03 ASCA and allow the Government 10 days to amend its complaint to state a claim for taxes due on income earned in the Territory.